IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 17-cr-00134-CMA-7

UNITED STATES OF AMERICA,
    Plaintiff,

v.

7.   EDUARDO ESTRADA-CORTES,
    a/k/a "Lalo,"

    Defendant.

---

**ORDER GRANTING GOVERNMENT'S MOTION FOR AN ORDER
TO PROVIDE VOICE EXEMPLARS AND VACATING HEARING**

---

This matter is before the Court on the Government's Motion for an Order to Provide Voice Exemplars with regard to Mr. Estrada-Cortes. (Doc. # 894.) Mr. Estrada-Cortes objects to the Government's request (Doc. # 907), arguing primarily that the Court has no jurisdiction to order voice exemplars and that so ordering violates his right against self-incrimination. Having thoroughly reviewed the issue, the Court finds that compelling Mr. Estrada Cortes to provide the Government with voice exemplars is warranted and therefore grants the Government's motion.

To begin, the Court disagrees with Mr. Estrada Cortes that no rule, statute, or case allows such compulsion. Federal courts have long recognized that the purpose of the All Writs Act, 28 U.S.C. § 1651(a), is to provide the instruments necessary to perform their duties, i.e. aid in their respective jurisdictions, assuming those instruments are "agreeable" to the usages and principles of law. *Harris v. Nelson,* 394 U.S. 286, 300 (1969)*.* Moreover, the Court agrees with the Seventh Circuit, *United States v. Li*,

55 F.3d 325, 329 (7th Cir. 1995), and others, that the All Writs Act gives this Court authority to compel voice exemplars when they are necessary for the furtherance of a case, such as for conducting factual inquiries. *See United States v. Li*, 55 F.3d 325, 329 (7th Cir. 1995) (providing that a district court has authority under the All Writs act to compel handwriting exemplars); *United States v. Vanegas*, 112 F.R.D. 235, 237 (D.N.J. 1986) ("Courts have consistently compelled production of physical evidence such as handwriting exemplars post-indictment and pretrial upon the government's request without reference to any precise procedural mechanism for their production.")

Moreover, it is well-settled that the government's compelled production of voice exemplars—when used to identify a defendant's voice, rather than for the testimonial or communicative content of what is said in the exemplars—does not give rise to a violation of the Fifth Amendment's privilege against self-incrimination. *United States v. Flanagan*, 34 F.3d 949, 953 (10th Cir. 1994); *see also United States v. Dionisio*, 410 U.S. 1, 6–7, (1973); *Gilbert v. California*, 388 U.S. 263, 266 (1967). Indeed, Mr. Estrada-Cortes acknowledges this longstanding precedent but argues that those decisions are in error and urges this Court to stray from them. This Court will not so deviate.

Accordingly, the Court GRANTS the Government's Motion for an Order to Provide Voice Exemplars (Doc. # 894) and ORDERS that the voice exemplar recording session with Defendant Eduardo Estrada-Cortes shall be conducted after reasonable notice to the defense attorneys of record. The Court FURTHER ORDERS as follows:

1. The Government shall employ the services of a technician using video and audio recording equipment to record the voice exemplar sessions. The material to be read aloud by the Defendant for the purposes of providing the voice exemplar may include material from transcripts of recorded conversations. *See Delaplane*, 778 F.2d at 575 (holding that it is proper to require a defendant to demonstrate his voice by speaking the exact words spoken at the crime). In order to ensure an accurate exemplar, such material is to be provided to the Defendant by Government staff at the exemplar recording session, rather than in advance.
2. The Defendant shall read the material out loud, using his natural speaking voice, as directed.
3. If this case proceeds to trial and the Government seeks to introduce the voice exemplars, the Court will, per *Delaplane,* provide the jury a cautionary instruction that the original recorded conversations—not the exemplars—constitute the evidence, and that the jurors are to use the exemplars for the sole purpose of identification and/or for comparison with the recordings. *Id.* at 575.
4. Arrangements to take the exemplars shall be made with the United States Marshal's Service for the District of Colorado at the request of the Government. The voice exemplar session(s) shall be conducted at a secure location designated by the United States Marshal's service.
5. Defense counsel of record shall have the opportunity to be present during the exemplar recording session if counsel chooses to be present, and that in any case, a copy of the video and audio recordings taken pursuant to this Order shall

be made available to the defense within ten days of the conclusion of the voice exemplar session.

Finally, the Court FURTHER ORDERS that the hearing set for tomorrow, May 15, 2018 is HEREBY VACATED.

DATED: May 14, 2018

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge